IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| CAROLYNN GLOBIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  3:22cv56 |
| | ) | |
| SUN LIFE ASSURANCE COMPANY | ) | |
| OF CANADA, | ) | |
| <u>Serve</u>:  Registered Agent | | |
| C T Corporation System | ) | |
| 4701 Cox Rd, Ste 285 | ) | |
| Glen Allen, VA, 23060 - 6808 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Carolynn Globig, by Counsel, and states as follows for her Complaint against defendant Sun Life Financial Assurance Company of Canada.

## NATURE OF ACTION

1.      Claimant initiates this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. (hereinafter "ERISA") to determine her rights to past and future benefits under the terms of her employee welfare benefit plans.  Plaintiff seeks an Order that provides, without limitation, a declaration of her rights under the plans; an award for past and future benefits payable under the plans; and an award of attorney's fees and costs, as permitted by law.

## PARTIES

2.      Plaintiff, Carolynn Globig ("Globig"), is a citizen of the Commonwealth of Virginia and a resident of Mechanicsville, Virginia.

1

3.      Defendant, Sun Life Assurance Company of Canada ("Sun Life") is a stock corporation, registered in the Commonwealth of Virginia, with its principal office address identified as 1 York Street, Toronto, Ontario, M5J0B6, Canada.  Sun Life issued the plans and policies at issue in this action and serves as the administrator for those plans.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5.      Venue is proper in this district and division pursuant to 29 U.S.C. § 1132(e)-(f) and 28 U.S.C. § 1391.

## THE EMPLOYEE WELFARE BENEFIT PLANS

6.      Sun Life issued a Group Basic Long Term Disability Plan, Policy Number 247667-002, as provided to qualified employees of Bon Secours Mercy Health, Inc. as part of an employee welfare benefit plan (the "LTD Plan").

7.      Sun Life also issued a Group Term Basic Life Insurance Plan, Policy Number, 247667-002, as provided to qualified employees of Bon Secours Mercy Health, Inc. as part of an employee welfare benefit plan ("Life Plan").  Collectively, these two plans shall be referred to herein as "The Plans."

8.      Both of the Plans are employee welfare benefit plans established under ERISA and as defined under 29 U.S.C. § 1002(1).

9.       At all relevant times, Globig was an employee of Bon Secours Mercy Health, Inc. and worked at Bon Secours Memorial Regional Medical Center in the County of Hanover, Virginia. Accordingly, Globig was a participant in the Plans established by Bon Secours Mercy Health, Inc., as defined under 29 U.S.C. 1002(7).

10.     Defendant Sun Life is the Plan Administrator of the Plans as defined by 29 U.S.C. §1002(16) and likewise is responsible for payment of all benefits owed under the Plans.  Sun Life has made all qualification and denial decisions relating to the Plans at issue in this action

11.     As Plan Administrator of the Plans, Sun Life is a fiduciary pursuant to 29 U.S.C. §1002(21), 29 U.S.C. § 1133 and C.F.R. § 2560.503-1(g).

12.     As per the terms of the LTD Plan, a qualified insured with a disability is entitled to a monthly benefit upon the expiration of the elimination period, which is defined as 180 days or the end of insured's Basic Short Term Disability Maximum Benefit Duration, whichever is later.

13.     As per the terms of the LTD Plan, the LTD Plan is to pay a benefit of 60% of total monthly earnings, subject to a maximum monthly benefit of $15,000 to age 65.

14.     As per the terms of the LTD Plan, "Total Disability" and "Totally Disabled" means that during the elimination period and the next 24 months insured is unable to perform one or more of the material and substantial duties of her regular occupation.  After 24 months of receiving Total Disability benefits combined, "Total Disability" and "Totally Disabled" means insured is unable to perform with reasonable continuity any Gainful Occupation for which she is or could become reasonably qualified for by education, training and experience.

15.     As per the terms of the Life Plan, if the insured becomes totally disabled while insured, the waiver of premium benefit may continue the insured's employee voluntary life insurance while the employee remains totally disabled without any further payment of premiums by insured or the employer.

**FACTS**

16.     At all relevant times up to the onset of her disability, Globig was licensed as a registered nurse and worked as a Quality Improvement Coordinator for Bon Secours Mercy Health, Inc

within a hospital setting.  Her responsibilities included office work, as well as duties in clinical nursing areas.  Claimant last worked in her regular occupation on or about May 12, 2020.

17.     On or about May 14, 2020, Claimant was admitted to the hospital due to complaints of extreme left lower quadrant pain, where she remained until her initial discharge on May 18, 2020.  She was readmitted on May 19, 2020 and remained through May 28, 2020.  During her hospital stay she was diagnosed and treated for Sepsis, as well as a possible splenic infarction.

18.     While hospitalized, Globig also underwent a CT scan that evidenced progressing degenerative disc disease at L5-S1 with bilateral foraminal narrowing.  A second CT scan on June 29, 2020 noted a complete loss of disc height at L5-S1 with degenerative changes in the endplates. A third CT scan on September 26, 2020 evidenced further degenerative changes at L5-S1 in comparison to the June 29, 2020 scan.

19.     Following her hospital discharge, Globig experienced an exacerbation of symptoms associated with her Inflammatory Arthritis, which limited her functionality and impaired her ability to perform one or more material functions of her regular occupation.

20.     In October 2020, her treating physician also advised that due to her ongoing treatment with immunosuppressants, Globig needed to avoid any additional exposures to infections, including patient hospital work.

21.     Based on her restrictions, Sun Life approved Globig for a period of Short-Term Disability from approximately May 12, 2020 through November 9, 2020.

22.     Upon the pending expiration of her short-term disability benefits, Globig applied for long term disability benefits under the LTD Plan, to commence on or about November 10, 2020.

23.     While awaiting a decision on her LTD Plan application, Globig continued to receive regular and continuous treatment from her physicians and other specialists.

4

24. On or about January 20, 2021, Globig underwent a formal functional capacity evaluation, which assessed her functional limitations as falling below the full range of light exertion work, as required to perform essential functions of her regular occupation.

25. Globig's treating physicians likewise continued to assess her as limited in her ability to perform repetitive tasks requiring gross and fine hand manipulation.

26. Throughout 2021, Globig's diagnosed lumbar condition continued to deteriorate, ultimately requiring a discectomy on or about September 14, 2021, which has further limited her functional capacity.

27. Due to the combination of her medical conditions as described herein, and as further documented in Sun Life's administrative file, Globig has remained continuously and totally disabled in her ability to perform her regular occupation or any occupation as defined by the Plans since the onset of her disability in May 2020.

28. In correspondence dated April 8, 2021, Sun Life denied Globig's claim for long term disability benefits under the LTD Plan.   By agreement, Globig's time to appeal this decision was extended to October 28, 2021.

29. In correspondence dated April 16, 2021, Sun Life denied Globig's claim for a life waiver of premiums under the Life Plan.

30.  Globig timely noted her appeal of the life waiver or premium denial under the Life Plan on or about October 13, 2021.  Sun Life replied on October 25, 2021, advising that it had begun its appeal review of both the LTD Plan denial and the Life Plan denial and that it expected to provide a final decision by November 27, 2021.

31.     Globig reiterated that the appeal of the LTD Plan denial and accompanying argument would be submitted under separate correspondence, which was timely submitted on or about October 27, 2021.

32.     Sun Life has thereafter processed its review of these appeals collectively.

33.     On November 8, 2021, Sun Life corresponded to Globig to outline their current assessment of the appeals.  Sun Life provided copies of their medical reviews and offered Globig the opportunity to respond or submit further information for consideration within 15 business days.  Upon receipt of additional comments or records, Sun Life advised that it "would allow up to 15 business days for the reviewers to consider and address [her] comments/additional information.  If you have no objection, we will toll (temporarily stop) the appeal decision time frames while we await your comments and the reviewer's response."

34.     Globig submitted additional comments and documentation on or about November 29, 2021.  As per Sun Life's representation, the tolling of Sun Life's response deadline would therefore extend no later than 15 business days or December 20, 2021.

35.     Having received no Final Decision or request for a formal extension of time, Globig wrote Sun Life on January 19, 2022 to affirm that Globig had not consented to any additional tolling of their decision deadline beyond December 20, 2021.  Sun Life did not reply, advance any contradictory understanding of the tolling period, or otherwise seek an extension of time.

36.     To date, notwithstanding any arguable tolling period from November 8, 2021 through December 20, 2021, more than 45 days have expired since Globig's submission of her administrative appeal under the LTD Plan and more than 60 days have expired since submission of the administrative appeal under the Life Plan.

37.     To date, Sun Life still has not issued a Final Decision under either of the Plans, nor has Sun Life formally request an extension of time as provided under 29 CFR § 2560.503-1.

38.     Because Sun Life has failed to issue a timely decision on Globig's administrative appeals under the LTD Plan and Life Plan, the claims are "deemed denied," and she therefore has exhausted her administrative remedies as required under ERISA.

## COUNT I

## RECOVERY AND ENFORCEMENT OF BENEFITS UNDER LTD PLAN

## 29 U.S.C. § 1132(a)(1)(B)

39.     Globig restates and realleges paragraphs 1-38 above as if fully set forth herein.

40.     Globig, a qualified participant in the LTD Plan meets the LTD Plan's definition of Totally Disabled.

41.     Globig, since the onset of her disability, has remained totally disabled under the terms of the LTD Plan

42.     Globig timely appealed Sun Life's original denial of benefits under the LTD Plan.

43.     Following her appeal, Sun Life has not issued a Final Decision on the Appeal after more than 45 days for consideration.  Accordingly, the Appeal is deemed denied based on Sun Life's failure to act and strictly adhere to its claim procedures pursuant to 29 CFR § 2560.503-1.

44.     Globig therefore has exhausted her administrative options under the LTD Plan and this matter is ripe for judicial review.

45.     Accordingly, Sun Life has violated the plain language of the Plans and policies, as required under 29 U.S.C. § 1133.

46.     Globig is entitled to long term disability benefits under the LTD Plan, including past-due and future benefits, to be calculated in accordance with the provisions of the LTD Plan, as well as interest, costs and attorney fees as provided under 29 U.S.C. § 1132(g).

**COUNT II**

**ENFORCEMENT OF BENEFITS UNDER LIFE PLAN**

**29 U.S.C. § 1132(a)(1)(B)**

47.     Globig restates and realleges paragraphs 1-46 above as if set forth herein.

48.     Globig, a qualified participant in the Life Plan meets the Life Plan's definition of Totally Disabled.

49.     Globig, since the onset of her disability, has remained totally disabled under the terms of the Life Plan.

50.     Globig timely appealed Sun Life's original denial of benefits under the Life Plan.

51.     Following her appeal, Sun Life has not issued a Final Decision on the Appeal after more than 60 days for consideration.  Accordingly, the Appeal is deemed denied based on Sun Life's failure to act and strictly adhere to its claim procedures pursuant to 29 CFR § 2560.503-1.

52.     Globig therefore has exhausted her administrative options under the Life Plan and this matter is ripe for judicial review.

53.     Accordingly, Sun Life has violated the plain language of the Plans and policies, as required under 29 U.S.C. § 1133.

54.     Globig is entitled to waiver of premiums under the Life Plan and that such policy, if terminated, shall be reinstated in consideration of said waiver, as well as interest, costs and attorney fees as provided under 29 U.S.C. § 1132(g).

WHEREFORE Plaintiff respectfully prays that this Court review Globig's claim *de novo* and enter an Order declaring and adjudging that:

1.     Defendant shall not be granted deference to any prior or subsequent decisions to deny benefits;

2.     Globig shall be entitled to ongoing long term disability benefits under the LTD Plan and policies at issue;

3.     Globig shall be entitled to judgment for payment of past-due long term disability benefits, to be calculated in accordance with the terms of the LTD Plan, with payment of pre-judgment and post-judgment interest;

4.     Globig shall be entitled to life waiver of premiums under the Life Plan and that such policy, if terminated, shall be reinstated in consideration of said waiver;

5.     Globig shall be awarded payment of her attorney's fees and costs, as provided by 29 U.S.C. § 1132(g); and

6.     Globig shall be awarded any additional relief or benefits as warranted by law.


                                        Respectfully submitted:

                                        Carolynn Globig, Plaintiff


By:  /s/ D. Scott Gordon

D. Scott Gordon (VSB#38828)
7 East Franklin Street
Richmond, VA 23219
Phone: 804-440-6557
Fax: 804-440-6558
Email: dsgordon@dsgordonlaw.com

*COUNSEL FOR PLAINTIFF*

9